JUDGE FURMAN

CLIFTON BUDD & DeMARIA, LLP
The Empire State Building
350 Fifth Avenue, 61st Floor
New York, New York 10118
212-687-7410

14 CV 4468

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
FRANCISCO HICIANO, and JEFFREY
CUNNINGHAM,

                    Plaintiffs,

             -against-

GRENADIER REALTY CORPORATION,
GRENADIER REALTY MANAGEMENT
LLC, TOWER WEST, INC., TOWER WEST
ASSOCIATES LP, STARRETT
CORPORATION, CAMBRIDGE SECURITY,
MARIA CAPO, IRIS FONTANEZ, RAPHAEL
PIMENTAL, PETER GRAY, STEVE SALUP,
NATALIE WEINTHAL, and GILLIAN
MALPICA,

                  Defendants.
-------------------------------------------------------------x

**NOTICE OF REMOVAL**



     **PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1441 and 1446,
defendants GRENADIER REALTY CORPORATION, GRENADIER REALTY
MANAGEMENT LLC, TOWER WEST, INC., TOWER WEST ASSOCIATES LP,
STARRETT CORPORATION, MARIA CAPO, IRIS FONTANEZ, RAPHAEL PIMENTAL,
PETER GRAY, STEVE SALUP, NATALIE WEINTHAL, and GILLIAN MALPICA (together
the "Tower West Defendants"), by and through their counsel, Clifton Budd & DeMaria, LLP,
hereby remove from New York County Supreme Court the civil action captioned *Hiciano, et al.
v. Grenadier Realty Corp., et al*, Index No. 153403/2014 (the "Action"), and, in support of said
removal, allege as follows:

     1.     This Notice of Removal is timely under 28 U.S.C. §1446(b).  On April 9,
2014, Plaintiffs commenced the Action in New York County Supreme Court by filing a

Summons and Complaint, a copy of which is attached hereto as Exhibit "A." Service upon the Tower West Defendants, pursuant to CPLR 312-a, was completed June 17, 2014, when each of the Tower West Defendants signed and returned to Plaintiffs an Acknowledgement of Receipt by Mail of Summons and Complaint. Defendant Cambridge Security was served on May 31, 2014.

2.    All defendants consent to removal. A statement consenting to remove from Cambridge Security is attached as Exhibit "B."

3.    The Complaint is properly removable under 28. U.S.C. §1441(c). As expressly alleged in the Complaint, Plaintiffs seek, among other things, recovery of unpaid wages, overtime, liquidated damages, and attorneys' fees under the Fair Labor Standards Act, 29 U.S.C. §§201, *et seq.* This Court has therefore has original jurisdiction under 28 U.S.C. §1331 over the FLSA claims and supplemental jurisdiction under 28 U.S.C. §1367 over the additional state law claims.

4.    Immediately upon the filing of this Notice of Removal, the Tower West Defendants shall file a copy with the Clerk of New York County Supreme Court and serve a copy upon all parties.

WHEREFORE, the Tower West Defendants hereby remove the Action from New York County Supreme Court to this Court.

Dated: June 20, 2014
    New York, New York

Respectfully submitted,
CLIFTON BUDD & DeMARIA, LLP
Attorneys for the Tower West Defendants

By: _____
    Arthur J. Robb
    The Empire State Building
    350 Fifth Avenue, 61st Floor
    New York, New York 10118
    212-687-7410

To:

Clerk of the Court
New York County Supreme Court
60 Centre Street
New York, New York 10007

Emanuel Kataev, Esq.
Counsel for Plaintiffs
The Boyd Law Group PLLC.
370 Lexington Avenue, Suite 1012
New York, NY 10017-6503
212-867-5698

Peter G. Siachos, Esq.
Counsel for Cambridge Security
Gordon & Rees, LLP
18 Columbia Turnpike, Suite 220
Florham Park, NJ 07932
973-549-2532

# EXHIBIT A

FILED: NEW YORK COUNTY CLERK 04/09/2014

INDEX NO. 153403/2014

NYSCEF DOC. NO. 1

RECEIVED NYSCEF: 04/09/2014

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

--------------------------------------------------------- X

FRANCISCO HICIANO, and                                  :     Index No: _____/2014
JEFFREY CUNNINGHAM,                                     :
                                                        :
                                                        :
                   Plaintiffs,                          :
          -against-                                     :
                                                        :
                                                        :
GRENADIER REALTY CORPORATION,                           :
GRENADIER REALTY MANAGEMENT                             :     **SUMMONS**
LLC, TOWER WEST, INC., TOWER WEST                       :
ASSOCIATES LP, STARRETT                                 :
CORPORATION, CAMBRIDGE SECURITY,                        :
MARIA CAPO, IRIS FONTANEZ, RAFAEL                       :
PIMENTAL, PETER GRAY, STEVE SALUP,                      :
NATALIE WEINTHAL, and GILLIAN                           :
MALPICA,                                                :
                                                        X
                   Defendants.

---------------------------------------------------------

To the above-named Defendants:

**YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy

of your answer on the Plaintiff's attorney within twenty (20) days after the service of this

summons, exclusive of the day of service (or within 30 days after the service is complete if this

summons is not personally delivered to you within the State of New York); and in case of your

failure to appear or answer, judgment will be taken against you by default of the relief demanded

in the complaint.

The basis of venue: Defendants conduct substantial business in New York County and all facts

relevant to this case occurred in New York County.

Dated: New York, New York
  April 9, 2014

         THE BOYD LAW GROUP, PLLC.


         By: _____ /s/ _____
         Emanuel Kataev, Esq.
         370 Lexington Avenue, Suite 1012
         New York, NY 10017-6503
         (212) 867-3675 (office)
         (212) 867-5698 (direct dial)
         (212) 867-5765 (facsimile)
         ekataev@theboydlawgroup.com

         *Attorneys for Plaintiffs*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

-------------------------------------------------------- X

FRANCISCO HICIANO, and              :   **Index No:** _____/2014
JEFFREY CUNNINGHAM,             :
                                     :
          Plaintiffs,      :   **COMPLAINT**
      -against-          :
                                     :
GRENADIER REALTY CORPORATION,  :   **PLAINTIFFS DEMAND A**
GRENADIER REALTY MANAGEMENT   :   **TRIAL BY JURY**
LLC, TOWER WEST, INC., TOWER WEST :
ASSOCIATES LP, STARRETT      :
CORPORATION, CAMBRIDGE SECURITY, :
MARIA CAPO, IRIS FONTANEZ, RAFAEL :
PIMENTAL, PETER GRAY, STEVE SALUP, :
NATALIE WEINTHAL, and GILLIAN   :
MALPICA,                       :
                                     X
             Defendants.

--------------------------------------------------------

      Plaintiff Francisco Hiciano (hereinafter "Plaintiff Hiciano" or "Hiciano") and Jeffrey

Cunningham ("Plaintiff Cunningham" or "Cunningham") (collectively the "Plaintiffs"), by their

attorneys The Boyd Law Group, PLLC., by and for their Complaint against Defendants

Grenadier Realty Corporation ("Grenadier Corp."), Grenadier Realty Management, LLC.

("Grenadier LLC"), Tower West, Inc. ("Tower West Corp"), Tower West Associates LP

("Tower West LP"), Starrett Corporation ("Starrett"), Cambridge Security Services Corp.

("Defendant Cambridge") (collectively the "Corporate Defendants"), Maria Capo ("Defendant

Capo"), Iris Fontanez ("Defendant Fontanez"), Rafael Pimental ("Defendant Pimental"), Peter

Gray ("Defendant Gray"), Steve Salup ("Defendant Salup"), Natalie Weinthal ("Defendant

Weinthal") and Gillian Malpica ("Defendant Malpica") (collectively the "Individual

Defendants") (collectively, the Corporate Defendants and the Individual Defendants comprise

the "Defendants") allege as follows:

## NATURE OF CLAIMS

1.      This is a civil action for unlawful discrimination and retaliation in housing brought by Plaintiffs against Defendants.

2.      Specifically, Defendants subjected Plaintiffs to unlawful discrimination and retaliation by harassing them, in part, because of their sexual orientation

3.      Defendants also permitted Plaintiff Hiciano to work for Defendants under their direction and control without paying Plaintiff Hiciano wages.

## THE PARTIES

4.      Plaintiff Hiciano was a resident of the State of New York at all times relevant to the allegations in this complaint.

5.      Plaintiff Hiciano is a U.S. citizen.

6.      Plaintiff Hiciano currently resides and, at all times relevant, resided at 65 West 96th Street, Apartment 26C, New York, NY 10025-6599 (hereinafter, the "Premises").

7.      Plaintiff Cunningham was a resident of the State of Pennsylvania at all times relevant to the allegations in this complaint.

8.      Plaintiff Cunningham is a U.S. citizen.

9.      Plaintiff Cunningham currently resides and, at all times relevant, resided at 1831 The Hideout, Lake Ariel, PA 18436-9508.

10.      Upon information and belief, Defendant Grenadier Corp. is the management company of the building Plaintiff Hiciano resides within.

11.      Upon information and belief, Defendant Grenadier LLC is a related entity of Grenadier Corp.

12.      Upon information and belief, Defendant Tower West Corp is the landlord and

property owner of the Premises.

13.  Upon information and belief, Defendant Tower West LP is a related entity to Tower West Corp.

14.  Upon information and belief, Defendant Starrett owns Defendant Tower West, as the parent company.

15.  Upon information and belief, Defendant Cambridge provides, or provided at the time relevant to this complaint, security services for the Corporate Defendants under their direction and control.

16.  Upon information and belief, Defendant Capo is, or was at the time relevant to this complaint, an individual employed by Defendant Grenadier Corp.

17.  Upon information and belief, Defendant Fontanez is, or was at the time relevant to this complaint, an individual employed by Defendant Grenadier Corp.

18.  Upon information and belief, Defendant Pimental is, or was at the time relevant to this complaint, an individual employed by Defendant Grenadier Corp.

19.  Upon information and belief, Defendant Pimental is, or was at the time relevant to this complaint, an individual employed by Defendant Grenadier Corp.

20.  Upon information and belief, Defendant Malpica is, or was at the time relevant to this complaint, an individual employed by Defendant Grenadier Corp.

21.  Upon information and belief, Defendant Gray is, or was at the time relevant to this complaint, a corporate officer of at least one Corporate Defendant.

22.  Upon information and belief, Defendant Salup is, or was at the time relevant to this complaint, a corporate officer of at least one Corporate Defendant.

23.  Upon information and belief, Defendant Weinthal is, or was at the time relevant to

this complaint, a corporate officer of at least one Corporate Defendant.

24.    Upon information and belief, the Premises are subject to laws requiring government regulation and are thus subject to oversight,   inspection, and audits by the Federal, New York State, and New York City local government.

## STATEMENT OF FACTS

25.    Plaintiff Hiciano is and always has been a lawful tenant of the Premises since he was an infant.

26.    Growing up and remaining there for over forty (40) years, Plaintiff Hiciano deems the Premises his home.

27.    In or about 2000, Plaintiff Hiciano was asked, principally by Defendant Capo, to perform services for Defendants, including but not limited to:

(a) Making photocopies upon request.

(b) Faxing documents upon request.

(c) Filing documents upon request.

(d) Receiving and filing interoffice documentation upon request.

(e) Organizing and reorganizing the filing system at the management office.

(f) Answering calls assigned to another building's sale and rental phone line, such that Plaintiff Hiciano was to disclose pricing and availability to potential tenants or buyers and assist with inspections, as directed by Defendant Fontanez.

(g) Getting lunch and coffee for Defendants' employees.

(h) Assisting Defendants' employees with yearly government audits, at the direction of Defendant Capo and Defendant Pimental.

28.    Plaintiff Hiciano performed the above mentioned services, on average,

approximately three (3) to five (5) days per week, for three (3) to five (5) hours per day for over ten years beginning in the year 2000 until in or about 2011.

29.    Plaintiff Hiciano was never paid throughout his tenure in assisting Defendants' part time in any way, shape, or form.

30.    Towards the end of Plaintiff Hiciano's tenure, he began to believe that records were being falsified for a variety of reasons, including to qualify and otherwise favor some tenants over others.

31.    Plaintiff Hiciano was unsure about what to do with this information, and was not – at the time – entirely positive that there was anything unlawful about what his buildings' management office was doing.

32.    It is unclear when the management office learned that Plaintiffs are gay.

33.    What is clear is that Plaintiffs are the only gay males that have been harassed and mistreated as further outlined below.

34.    In or about December 2011, Plaintiff Hiciano was informed that since he was a sole resident in a two-bedroom apartment according to Defendants records, he would have to move to a different apartment within the same building.  This event will hereinafter be referred to as the "downsizing event."

35.    Upon Plaintiff Hiciano's protest, Defendant Capo informed Plaintiff Hiciano that he would have to pay cash to the management office so that the downsizing rule would not be enforced against him.

36.    Because of Plaintiff's Hiciano refusal to acquiesce, a malicious proceeding was brought against him to evict him from the very Premises he grew up and lived in for his entire life.

37.    Plaintiff Hiciano ultimately prevailed in maintaining his premises and Defendants failed to successfully evict him.

38.    After Plaintiff Hiciano's proceeding against the Defendants was over, Defendants harassment of Plaintiffs continued and increased over time.

39.    This is when Defendants' latent discriminatory animus toward gay men became even more apparent.

40.    The harassment consisted of unequal enforcement of rules against Plaintiffs Hiciano and Cunningham, such as:

(a) Continuously, since in or about April 2012, Plaintiffs and their guests were, are, and continue to be under surveillance excessively such that guests no longer want to visit Plaintiff Hiciano.

(b) Specifically, and continuously since in or about April 2012, guests of Plaintiff Hiciano are compelled to provide identification and sign in to a visitor log book; meanwhile, guests of all other tenants are not compelled to do so.

(c) Continuously since in or about April 2012, Plaintiff Cunningham is, has been, and continues to be followed, stalked, and questioned in and about the Premises by Defendants' staff.

(d) Once, in or about June 2013, while Plaintiff Cunningham was being followed, Defendants' employee entered an elevator in the Premises with Plaintiff Cunningham, stopped the elevator, and insisted Plaintiff Cunningham leave due to his refusal to sign in as a guest.

(e) In or about August 2012, Plaintiff Hiciano was threatened by Defendants that his paid parking spot inside the Premises' garage would be taken away because he

was not the sole owner of the vehicle parked there, despite the fact that he has
parked the very same car there for eight (8) years.

(f) In or about August 2012, Plaintiff Hiciano was so forced to purchase a car solely
in his name in order to preserve his parking privileges on the Premises, for which
he was threatened with revocation of same if he did not provide proof of
registration in a car solely in his name by 5:00 PM with *same day* notice.

(g) After Plaintiff Hiciano complied with Defendants' extortionate and unreasonable
demand, between June 2012 through May 2013, Defendants pointed a video
camera directly at Plaintiff Hiciano's parking spot in an effort to constantly
monitor those parking in the spot.

(h) In or about November 2012, Plaintiff Cunningham was compelled by Defendants
to provide over thirty-seven (37) forms of sensitive, personally identifiable
documentation in a harassing attempt to prove he was a resident of the Premises.

(i) During the failed malicious proceedings instituted against Plaintiff Hiciano in or
about November 2012, Defendants attempted to limit visitations by Plaintiff
Cunningham to the Premises.

(j) Continuously since in or about April 2012, after the aforementioned proceedings
were resolved, Plaintiff Hiciano has been subjected to ever increasing scrutiny
regarding his income and apartment composition.

(k) Continuously since in or about April 2012, Plaintiff Hiciano is deprived of
essential services such as heat.

(l) Continuously since in or about April 2012, Plaintiff Hiciano is deprived of
services by Defendant Pimental, which – prior to the "downsizing" event –

Defendant Pimental had always done.

(m) For example, during Super Storm Sandy in or about October 2012, a door-to-door safety evacuation notice and check-up was done, and Plaintiff Hiciano's apartment was overlooked and ignored.

(n) Furthermore, continuously since in or about November 2012, Plaintiff Hiciano was ostracized by both the management office and the neighboring tenants such that he felt unsafe in his own home.

(o) Most recently, in or about March 2014, Defendants' employee maliciously parked in Plaintiff Hiciano's parking spot in an effort to provoke him; Plaintiff Hiciano's mother once parked in Plaintiff Hiciano's parking spot and was threatened by Defendants to have her car towed.

41.     The above-referenced discriminatory and retaliatory acts are a representative sample, but not an exhaustive list, of the unlawful actions committed by Defendants.

## AS AND FOR PLAINTIFFS' FIRST CAUSE OF ACTION
### Discrimination in Housing - New York State Executive Law § 290 et seq.
### (New York State Human Rights Law)

42.     Plaintiffs repeat and reallege the allegations of the foregoing paragraphs as if fully set forth herein.

43.     By virtue of the foregoing conduct undertaken against Plaintiffs because of their sexual orientation, Defendant engaged in unlawful discrimination in the terms, conditions, and privileges of rental of Plaintiff Hiciano's housing accommodations and in the furnishing of connected services, and Defendants have retaliated against him for complaining about the discrimination.

44.     Plaintiffs are therefore entitled to relief in the form of a cease and desist order, an affirmative action directive, as well as an award of compensatory and/or punitive damages in a manner and amount to be determined after a full trial on the merits.

8

## AS AND FOR PLAINTIFFS' SECOND CAUSE OF ACTION
**Discrimination in Housing – New York City Administrative Code
§§ 8-107(5) et seq., and 8-126 (New York City Human Rights Law)**

45.     Plaintiffs repeat and reallege the allegations of the foregoing paragraphs as if fully set forth herein.

46.     By virtue of the foregoing conduct undertaken against Plaintiffs because of their sexual orientation, Defendant engaged in unlawful discrimination in the terms, conditions and privileges of rental of Plaintiff Hiciano's housing accommodations and in the furnishing of connected services, and Defendants have retaliated against him for complaining about the discrimination.

47.     Plaintiffs are therefore entitled to relief in the form of a cease and desist order, an affirmative action directive, as well as an award of compensatory and/or punitive damages in a manner and amount to be determined after a full trial on the merits.

## AS AND FOR PLAINTIFF HICIANO'S THIRD CAUSE OF ACTION
**Unpaid Wages – Fair Labor Standards Act ("FLSA"),
pursuant to 29 U.S.C. § 216(b)**

48.     Plaintiff Hiciano repeats and realleges the allegations of the foregoing paragraphs as if fully set forth herein.

49.     At all relevant times, upon information and belief, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.SC. §§ 206(a) and 207(a).

50.     At all relevant times, Plaintiff Hiciano is a covered individual within the meaning of the FLSA.

51.     Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000.00.

52.     At all relevant times, the Defendants had a policy and practice of refusing to pay wages or compensation to Plaintiff Hiciano for his hours worked for Defendants.

53.     Defendants knew of and/or showed a willful disregard for the provisions of the

FLSA as evidenced by their failure to compensate Plaintiff Hiciano for work done for the benefit of Defendants when Defendants knew of or should have known that such payment was due to Plaintiff Hiciano.

54.     Defendants failed to properly disclose or apprise Plaintiff Hiciano of his rights under the FLSA.

55.     As a direct and proximate cause of Defendants' willful disregard of the FLSA, Plaintiff Hiciano is entitled to liquidated damages pursuant to the FLSA.

56.     Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff Hiciano suffered damages in an amount not presently ascertainable of unpaid wages, plus an equal amount as liquidated damages in an amount to be determined after a full trial on the merits.

57.     Plaintiff Hiciano is entitled to an award of his reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

### AS AND FOR PLAINTIFF HICIANO'S FOURTH CAUSE OF ACTION
**Unpaid Wages – pursuant to New York Labor Law ("NYLL") § 196-a.**

58.     Plaintiff Hiciano repeats and realleges the allegations of the foregoing paragraphs as if fully set forth herein.

59.     At all relevant times, Plaintiff Hiciano was employed by the Defendants within the meaning of the NYLL §§ 2 and 651.

60.     Defendants willfully violated Plaintiff Hiciano's rights by failing to pay him wages for hours worked for the benefit of Defendants.

61.     Due to the Defendants' NYLL violations, Plaintiff Hiciano is entitled to recover from Defendants his unpaid wages, damages for unreasonably delayed payments, reasonable attorneys' fees, and costs and disbursements of the action pursuant to NYLL § 663(1).

### AS AND FOR PLAINTIFF HICIANO'S FIFTH CAUSE OF ACTION
**Unpaid Wages – pursuant to New York City Administrative Code § 8-107(1)(a)
(New York City Human Rights Law)**

62.     Plaintiff Hiciano repeats and realleges the allegations of the foregoing paragraphs as if fully set forth herein.

63.     At all relevant times, Plaintiff Hiciano was employed by the Defendants within the meaning of the New York City Administrative Code ("NYCAC").

64.     Defendants willfully violated Plaintiff Hiciano's rights by failing to pay him wages for hours worked for the benefit of Defendants.

65.     Due to Defendants' NYCAC violations, Plaintiff Hiciano is entitled to recover from Defendants his unpaid wages, damages for unreasonably delayed payments, reasonable attorneys' fees, and costs and disbursements of this action pursuant to the NYCAC.

### PRAYER FOR RELIEF

**WHEREFORE,** while reserving the right to seek additional damages and plead additional causes of action as available, Plaintiffs demand judgment against Defendants – jointly and severally – as follows:

(a) Defendants' immediately cease and desist harassing and discriminatory behavior;

(b) An award of unpaid wages, liquidated damages, and punitive damages;

(c) Damages for severe emotional distress;

(d) Payment of reasonable costs, disbursements, interest, and attorneys' fees;

(e) Compensatory and punitive damages; and

(f) Such other and further relief as this Court deems just and proper.

11

Dated: New York, New York
        April 9, 2014

                                        THE BOYD LAW GROUP, PLLC.


                                        By: _____/s/_____
                                        Emanuel Kataev, Esq.
                                        370 Lexington Avenue, Suite 1012
                                        New York, NY 10017-6503
                                        (212) 867-3675 (office)
                                        (212) 867-5698 (direct dial)
                                        (212) 867-5765 (facsimile)
                                        ekataev@theboydlawgroup.com

                                        *Attorneys for Plaintiffs*

# EXHIBIT B

SUPREME COURT OF NEW YORK
COUNTY OF NEW YORK

---

FRANCISCO HICIANO and JEFFREY
CUNNINGHAM,

                       Plaintiffs,

v.

GRENADIER REALTY CORPORATION,
GRENADIER REALTY MANAGEMENT
LLC, TOWER WEST, INC., TOWER WEST
ASSOCIATES LP, STARRETT
CORPORATION, CAMBRIDGE SECURITY,
MARIA CAPO, IRIS FONTANEZ, RAFAEL
PIMENTAL, PETER GRAY, STEVE SALUP,
NATALIE WEINTHAL, and GILLIAN
MALPICA,

                       Defendants.

Index No.: 153403/2014

**CAMBRIDGE SECURITY SERVICE
CORP.'S CONSENT TO REMOVAL**

---

       Defendant Cambridge Security Services Corp., *improperly plead as Cambridge Security*

("Cambridge") by and through its attorneys, Gordon & Rees LLP, respectfully states:

       1.    Plaintiffs Francisco Hiciano and Jeffrey Cunningham commenced the above-

captioned action on or about April 9, 2014 by filing a Complaint in the Supreme Court of New

York, County of New York, captioned *Hiciano v. Grenadier Realty Corporation et al.*, Index

No. 153403/2014 (the "Complaint").

       2.    The Complaint was personally served upon Cambridge on or about Saturday, May

31, 2014.

       3.    In the Complaint, Plaintiffs allege that Defendants violated the Fair Labor

Standards Act, 29 U.S.C. §§ 201 et seq. and seeks recovery of unpaid overtime, liquidated

damages, and attorney's fees.

4.    Accordingly, Cambridge consents to removal of this action and respectfully joins all defendants in removing this action to federal court.

GORDON & REES LLP
*Attorneys for Defendant*
*Cambridge Security Services Corp.*

Peter G. Siachos (ID: 4436168)

18 Columbia Parkway, Suite 220
Florham Park, New Jersey  07932
Tel: (973) 549-2500
Fax: (973) 377-1911
e-mail: psiachos@gordonrees.com

Dated: June 19, 2014